# COURT MINUTES OF SENTENCING HEARING

UNITED STATES of AMERICA,

v.   CASE NO. 22-CR-45-JPS

YUE LIU.

## HON. J. P. STADTMUELLER PRESIDING

| | |
|---|---|
| DATE: February 13, 2025 | TIME SCHEDULED: 8:30 a.m. |
| COURT DEPUTY/CLERK: Caitlin Willenbrink | TIME CALLED: 8:34 a.m. |
| COURT REPORTER: Sue Armbruster | TIME FINISHED: 1:06 p.m. |

GOVERNMENT BY: John Scully

DEFENDANT in person, AND BY: Peter Zeidenberg, Laura Zell

PROBATION BY: Maria Mahmoudi

Notes:

| Time | Event |
|---|---|
| 8:34 | Appearances; Court states that the purpose of today is to address pending matters and arrive at a formal sentence, and notes schedule for the day; Court asks whether parties have come to any agreements as to loss, victims, restitution, forfeiture, acceptance of responsibility, and other matters or if the disputes noted in presentence report (PSR) and addenda remain; attorneys confirm that these disputes remain; Court comments further |
| 8:39 | Court puts background of case on record, including Defendant's having pled guilty to Counts One and Two of the Information |
| 8:40 | Court asks Defendant whether he has reviewed the PSR and addenda; Defendant confirms he has |
| 8:41 | Court asks Defendant's attorneys whether they have reviewed the PSR and addenda whether they or their client have any objections to the facts as stated therein; Defendant's attorney Zeidenberg confirms there are no objections to the facts as stated in the PSR and addenda |
| 8:42 | Court asks Government's attorney whether he has reviewed the PSR and addenda and whether he has any objections to the facts as stated therein; Government's attorney confirms he has done so and has no objections to the facts as stated in the PSR and addenda |

| | |
|---|---|
| 8:42 | Hearing no objections to the facts as stated in the PSR and addenda, Court adopts the facts as stated therein |
| 8:43 | Court notes applicable Guidelines as submitted by Probation based on the facts in the PSR:<br>    Total Offense Level: 26<br>    Criminal History Category: I<br>    63 to 78 months imprisonment<br>    1 to 3 years supervised release<br>    $25,000.00 to $250,000.00 fine<br>    $305,749.03 restitution, *see* PSR ¶ 237<br>    $100.00 special assessment as to each Count, total $200.00 |
| 8:45 | Defendant's attorney Zeidenberg states that he understands the Guidelines construct as submitted by Probation but has objections thereto; Court invites Attorney Zeidenberg to begin addressing objections |
| 8:48 | Attorney Zeidenberg discusses Defendant's objections to the PSR, primarily whether Defendant made misrepresentations to the graduate students; whether the visiting scholars who remitted payments to Defendant can be considered part of the fraud scheme and whether Defendant made any misrepresentations to them; and, categorically, whether either group should be considered when calculating the loss amount |
| 8:59 | Attorney Zeidenberg discusses ECF No. 26-4, Defendant's text messages with visiting scholars and references these individuals' subsequent letters of support for Defendant; argues that the visiting scholars should not be considered in arriving at the total loss amounts because no misrepresentation was made to the visiting scholars |
| 9:11 | Attorney Zeidenberg discusses fraud scheme and loss amount with respect to graduate students; discusses ECF No. 26-7, Defendant's text messages with graduate students, and references these individuals' subsequent letters of support for Defendant |
| 9:39 | Attorney Zeidenberg discusses what credits should be applied against loss amount, intended loss amount, and whether UWM's alleged losses can be considered among loss amount |
| 9:49 | Attorney Zeidenberg argues that (1) there are no victims because nobody lost money and (2) that the PSR double-counts some victims by including both students and their family members, if a family member made a payment to Defendant on behalf of a student |
| 9:50 | Attorney Zeidenberg argues that there is no basis to order restitution to students |
| 9:52 | Government responds to Attorney Zeidenberg's arguments, first arguing that Defendant's arguments are in some respects inconsistent with his guilty plea |
| 9:53 | Court comments; Government responds; Court comments further |
| 9:57 | Government notes that Defendant did not produce responsive records early in the case; Court responds |
| 9:57 | Government comments further and responds to Attorney Zeidenberg's remarks regarding loss |
| 10:07 | Government responds to Attorney Zeidenberg's remarks regarding visiting scholars |
| 10:10 | Government responds to Attorney Zeidenberg's remarks regarding credits against loss; Court asks whether any case law supports this position, and instructs Government to submit that |

| | |
|---|---|
| | authority by the end of the day; Government references ECF No. 25 at 14 and argues that Defendant's payments to UWM should not be credited against loss |
| 10:14 | Government notes its position with respect to UWM; Court notes that Government's position relies on the assumption that students would have gone to UWM absent involvement in Defendant's scheme; Government responds, noting that another student who talked to Defendant but ultimately did not attend UWM went to another university where he did not pay any tuition; Court comments further |
| 10:17 | Government has nothing further to address at this time |
| 10:18 | Attorney Zeidenberg responds to Government's remarks |
| 10:21 | Attorney Zeidenberg argues that Defendant is entitled to acceptance of responsibility credit |
| 10:23 | Attorney Zeidenberg argues that, even if Guidelines as-calculated are applied, Defendant should be granted a downward variance |
| 10:27 | Government states, with respect to acceptance of responsibility credit, that it maintains its position in the plea agreement |
| 10:27 | Court stands in recess for 15 minutes |

* * *

| | |
|---|---|
| 10:44 | Court reconvenes |
| 10:44 | Attorney Zeidenberg comments further of acceptance of responsibility |
| 10:46 | Attorney Zeidenberg reiterates position that Guidelines as calculated by Probation incorrectly account for loss, number of victims, and acceptance of responsibility |
| 10:48 | Court turns to discussing PSR; parties agree on base offense level of 7 |
| 10:50 | Attorney Zeidenberg comments on why Defendant does not join in 14-level increase for loss amount, which Probation recommended in PSR ¶ 166 |
| 10:52 | Court comments; Attorney Zeidenberg responds |
| 10:53 | Court turns to PSR ¶ 167, outlining Probation's recommendation as to number of victims; Attorney Zeidenberg states Defendant's position that, similarly to his position that there was no loss, there were no victims here because no one suffered a pecuniary loss |
| 10:54 | Attorney Zeidenberg states that Defendant does not dispute that the enhancements discussed in PSR ¶¶ 168, 169, and 175 apply |
| 10:56 | Court asks Probation for offense level calculation; Probation responds |
| 10:57 | Attorney Zeidenberg, Government, and Probation provide further comments |
| 11:02 | Probation states that if offense level is 8, the Guidelines range of imprisonment is 0–6 months |
| 11:03 | Government states that it believes these computations, assuming Defendant's positions as to loss, victims, and acceptance of responsibility, are correct |
| 11:03 | Attorney Zeidenberg has nothing further on the PSR |
| 11:03 | Court asks Attorney Zeidenberg to address Probation's calculation on restitution; Attorney Zeidenberg responds that, if there is no loss, restitution should not be ordered to students or UWM |

| | |
|---|---|
| 11:05 | Government maintains that, because there was a loss to students and to UWM, restitution should be ordered, but concedes that if the Court determines that there was no loss, restitution should not be ordered |
| 11:06 | Government also points out that Dean Brett Peters of UWM is present; calls Dean Peters to provide comments |
| 11:07 | Dean Peters is sworn |
| 11:07 | Dean Peters provides comments |
| 11:10 | Attorney Zeidenberg questions Dean Peters |
| 11:23 | Attorney Zeidenberg ends questions |
| 11:23 | Government questions Dean Peters |
| 11:24 | Court asks whether Government's questioning about Mobile Trans grant is relevant to case; Government responds |
| 11:26 | Attorney Zeidenberg has nothing further |
| 11:26 | Dean Brett Peters is excused |
| 11:27 | Parties have nothing further to address on the Guidelines |
| 11:27 | Court stands in recess until 12:30 p.m. at which time it will determine the applicable Guidelines |

\* \* \*

| | |
|---|---|
| 12:31 | Court reconvenes |
| 12:31 | Parties have no further witnesses or argument at this time |
| 12:32 | Court solicits attorneys' comments with respect to Probation's recommendation as to restitution, PSR ¶ 237 |
| 12:33 | Attorney Zeidenberg states that the individual victims listed have not identified themselves as victims nor did they say that they suffered any pecuniary loss, therefore restitution is not appropriate |
| 12:35 | Government responds; notes that victim X.L. submitted a victim impact statement, claiming a loss, and notes that other listed victims are visiting scholars |
| 12:36 | Probation comments that some students did not respond to outreach from Probation; explains recommended restitution amount for victim X.L. and why visiting scholars were included |
| 12:38 | Attorney Zeidenberg responds to Probation's comments; argues that alleged victims' non-responsiveness to outreach from Probation does not justify ordering restitution |
| 12:39 | Government comments further on victim X.L. |
| 12:40 | Court comments; states that, if victims don't cooperate, restitution will not be ordered |
| 12:41 | Court finds that, with respect to UWM restitution; will deny that request |
| 12:43 | Court comments further |
| 12:44 | Parties have nothing further on the matter of restitution |
| 12:45 | Court finds that, because the students at issue here received a financial benefit and were informed about and accepted Defendant's arrangement, no student is entitled to recover restitution |

| Time | Event |
|---|---|
| 12:47 | Court finds that new Guidelines are as follows:<br>    Total Offense Level: 8<br>    Criminal History Category: I<br>    0 to 6 months imprisonment<br>    1 to 3 years supervised release<br>    $1,000.00 to $9,500.00 fine<br>    $100.00 special assessment as to each Count, total $200.00 |
| 12:49 | Parties have no objections to these Guidelines |
| 12:51 | Attorney Zeidenberg comments on Defendant's financial situation |
| 12:54 | Attorney Zeidenberg requests non-custodial sentence and that Defendant be permitted to self-deport |
| 12:55 | Court states that accommodating Defendant's desire to sell his home before leaving the country would require that this hearing be continued |
| 12:56 | Attorney Zeidenberg requests that hearing be continued for 4 months |
| 12:57 | Hearing is continued to June 12, 2025 at 8:30 a.m. |
| 12:57 | Attorney Zeidenberg states that parties will attempt to resolve the lien on Defendant's home |
| 12:58 | Court states that it will order forfeiture in the amount of the difference between what Defendant received from the graduate students or their family members, and what he paid to UWM |
| 12:59 | Government submits that forfeiture amount should be $679,329.55 |
| 12:59 | Attorney Zeidenberg submits that the forfeiture amount should be the difference between what the graduate students paid Defendant and what Defendant paid to UWM, and should exclude amounts from visiting scholars and Defendant's cousin, in the amount of $487,951 |
| 1:02 | Government comments on payment from Jinan Bus Company; Attorney Zell responds |
| 1:03 | Court directs parties to confer about the amount subject to forfeiture |
| 1:05 | Court will await further submissions from parties; parties may choose to make final sentencing arguments telephonically |
| 1:06 | Court stands in recess |